```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

                                   )
Gary R. Smith,                     )
                                   )
     Plaintiff,                    )
                                   )
         v.                        )      1:08cv1161 (JCC)
                                   )
Glen Aylor, Superintendent         )
Central Virginia Regional          )
Jail et al.,                       )
                                   )
     Defendants.                   )
                                   )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendants Aylor, Berry, and Dudley's Motion to Dismiss for Improper Venue, an identical motion by Defendant Coleman, as well as Defendants Aylor, Berry, and Dudley's Motion to Dismiss for Failure to State a Claim, and an identical motion by Defendant Coleman.  For the following reasons, the Court will grant the Motions to Dismiss for Improper Venue and deny as moot the Motions to Dismiss for Failure to State a Claim.

### I. Background

On November 7, 2008, Plaintiff Gary R. Smith, an inmate at the Central Virginia Regional Jail in Orange, Virginia (Jail), filed a complaint against eleven Defendants (Complaint).  The Court granted summary judgment in favor of one defendant, Gene Johnson, on February 10, 2009.  [Dkt. 7].  The remaining

defendants are Glen Aylor (Aylor), Superintendent of the Jail, Anita Berry (Berry), an Officer at the Jail, Michael Dudley (Dudley), Whitney Coleman (Coleman), also an Officer at the Jail, and John Does/Jane Does 1-6 (Defendants Doe), staff members at the Jail.

The Complaint states two causes of action against all of the defendants: Count I for violations of 42 U.S.C. § 1983, and Count II for violations of the Eighth Amendment to the United States Constitution. It alleges federal jurisdiction based on federal question jurisdiction, but states no basis for venue in this Court.

On March 12, 2009, Defendants Aylor, Berry, and Dudley filed a Motion to Dismiss for Improper Venue. On March 13, 2009, Defendant Coleman also filed a Motion to Dismiss for Improper Venue. Defendants waived oral argument on these motions. Defendants Aylor, Berry, and Dudley also moved to dismiss for Failure to State a Claim on March 12, 2009. Oral argument is scheduled for April 4, 2009. Defendant Coleman moved to dismiss for Failure to State a Claim on March 13, 2009. Defendant Coleman failed to file a waiver or notice of argument. These motions are before the Court.

## II. Analysis

In actions in which federal jurisdiction is based on a federal question, as it is here, venue is proper "only in (1) a

judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) in a judicial district where any defendant may be found," if neither (1) nor (2) provides a possible district.  28 U.S.C. § 1391(b).

Defendants' Motions to Dismiss for Improper Venue submit that venue is improper in the Eastern District of Virginia because (1) none of the defendants reside in this district and (2) none of the events or omissions alleged occurred in this district.  Rather, all of the named defendants reside in the Western District of Virginia, where the alleged acts and omissions occurred.  Defendants note that the Jail is located in Orange, Virginia and the Virginia Regional Hospital is in Culpepper, Virginia.  *Id.* at 2.  Both cities are located in the Western District of Virginia.

Defendants submit affidavits to support these assertions.  *See* Mem. in Supp. of Aylor's Mot. to Dismiss for Improper Venue, Exs. 1-3.  Defendant Aylor's affidavit states that he is, and has been at all relevant times, a resident of Madison County, Virginia.  *Id.* at Ex. 1.  It also asserts that according to "records kept and maintained by the Central Virginia Regional Jail in the regular and ordinary course of business," Defendant Coleman is, and has been at all relevant times, a

resident of Louisa County, Virginia. *Id.* Defendant Berry's affidavit asserts that she is, and has been at all relevant times, a resident of Madison County, Virginia. *Id.* at Ex. 2. Defendant Dudley's affidavit asserts he is, and has been at all relevant times, a resident of Louisa or Orange County, Virginia. *Id.* at Ex. 3.

In his opposition to these motions to dismiss for improper venue, Plaintiff responds only that, "[i]f the court deems th[e Western District of Virginia at Charlottesville] to be the appropriate venue," he does not object to the transfer of this case to that district. Pl.'s Opp'n at 1. He also argues that "dismissal is a harsh [remedy] that would necessitate the expenditure of additional funds" for filing and service. *Id.*

In reply, Defendants note that "plaintiff does not contend that any basis for venue in this Court ever existed, nor that plaintiff or his counsel ever had any reason to believe that [it did]." Defs.' Reply at 1. Defendants argue that dismissal is the appropriate remedy because Plaintiff has forced Defendants to bear the burden and expense of this making this motion, making transfer not "in the interest of justice." *Id.* at 2 (*quoting Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201-02 (4th Cir. 1993)).

The Court finds that, under 28 U.S.C. § 1391(b), venue is not proper in this district. A court may "freely consider

evidence outside the pleadings" on a motion to dismiss for improper venue. *Sucampo Pharm. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549-59 (4th Cir. 2006). Thus, the Court has properly considered and relied on Defendants' unopposed affidavits and assertions in addressing these motions. Those affidavits clearly show that none of the named defendants reside in this district. In addition, the facts pled in the Complaint clearly show that none of the alleged acts or omissions occurred in this district. The Court will grant both of the pending Motions to Dismiss for Improper Venue.

Plaintiff requests that the Court transfer, rather than dismiss, this action. Under 28 U.S.C. § 1406(a), the Court may dismiss or transfer an action filed in an improper district. *Id.* (A court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"). In this circuit, "a district court does not abuse its discretion when it denies, as not in the interest of justice, a plaintiff's motion under section 1406(a) . . . to transfer a case from an improper forum because the plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." *Nichols*, 991 F.2d at 1202.

The Court will not grant Plaintiff's request to transfer this case. Plaintiff's attorney made an obvious error by filing in this district. As in *Nichols*, "there is no question

that plaintiff['s] attorneys could have reasonably foreseen when they brought their claims" that venue was not proper in this district.  991 F.2d at 1202.  In addition, Plaintiff has offered no legitimate explanation of his choice to file in this district; in fact, he offered no explanation at all.  Plaintiff has not only failed to satisfy his burden of establishing proper venue, *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005), but has also failed to even attempt to do so.  The interest of justice would not be served by simply transferring this matter.  The Court will dismiss this action for improper venue.

Because the Court has dismissed this action, it finds that the pending motions to dismiss for failure to state a claim are moot.  It will deny them on that basis.

### III.  Conclusion

For these reasons, the Court will grant the Motions to Dismiss for Improper Venue and deny as moot the Motions to Dismiss for Failure to State a Claim.

An appropriate Order will issue.

April 7, 2009                         _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE